## BARTHOLOMEW *v.* AUMACK.

[ S. C. 34 Pac. Rep. 817.]

1. CONTRACT — BROKER — EQUITY.— Under a contract by a real estate broker
for the sale of lands, providing that when the owner has received a des-
ignated amount in actual cash from the sale of the property, if realized
during the existence of the contract, he will convey to the broker all
the unsold lots and all the notes wholly or partly unpaid, the broker
may recover from the owner an amount advanced to prevent a forfeit-
ure of the contract after the latter has received in actual cash the full
sum contracted for within the time agreed upon, where a total failure
of the title after full performance of the agreement precludes the
broker from selecting any property in repayment of the amount ad-
vanced.

2. CONTRACTS — BROKERS.— Under an agreement by a real estate broker to
clear certain land, survey and plat it into lots, and advertise and sell
it, for a commission of ten dollars upon each lot sold, providing that
in case of eviction as the result of a pending action the owner shall
pay him a designated sum for clearing the land, after which the con-

tract is to become void, the broker cannot recover the expenses of sur-
veying when the action results in eviction.

APPEAL from Multnomah : LOYAL B. STEARNS, Judge.

This is a suit by D. Bartholomew and James Hyland
against Lyle N. Aumack, E. H. Averill, and James G. Mc-
Callum, for an accounting. The facts show that on
August twenty-sixth, eighteen hundred and ninety, the
defendants claimed to be the owners of a tract of land in
Multnomah County, Oregon, containing five and ninety-
two one-hundredths acres, which land was also claimed
by one Samuel Coulter, who had commenced an action
in the circuit court of said county against the Portland
Trust Company, involving the title to said property;
that on said date a written contract was entered into
between the parties to this suit by the terms of which the
plaintiffs agreed to clear said land of brush, survey, and
plat into lots and blocks, advertise and sell it, within six
months from the date thereof, for cash down or on time,
taking installment notes on time sales, payable to the
defendants, who were to execute warranty deeds to cash
customers, and bonds for deeds in double the amount of
the purchase price to purchasers on credit. All notes
taken and moneys received, except a commission of ten
dollars upon each lot sold, were to be delivered to the
defendants, and when the sum of seven thousand four
hundred and four dollars and forty-one cents should be
collected in actual cash, on account of sales, the lots and
blocks then unsold were to be conveyed, and all notes
wholly or in part unpaid were to be assigned to the
plaintiffs, who were to pay the expense of conveyancing,
and all taxes upon the property or notes given therefor;
but if the defendants did not receive the full purchase
price in cash or notes, within six months, and realize
two thousand dollars on such sales or notes, then, by giv-

ing the plaintiffs notice of their election, they could declare all rights under said contract forfeited, and, when so declared, the ten dollars commission should be a full compensation for services in making such sales; and in case no notice be given, the balance of the purchase price should be payable in eight months thereafter, with interest thereon at the rate of eight per cent per annum. It was further agreed that if the defendants should be evicted as a result of a judgment in the said action of *Coulter* v. *Portland Trust Co.*, then the defendants were to pay the plaintiffs forty dollars per acre for clearing said land, and the contract between them was to become void. The plaintiffs cleared said land, and paid therefor two hundred and forty dollars; surveyed and platted it into thirty-seven lots, and paid on account thereof, and for taxes and other expenses in making sales, one hundred and fifty-eight dollars and thirty-five cents; and on February twenty-sixth, eighteen hundred and ninety-one, the defendants not having received two thousand dollars in cash within the six months, the said plaintiffs paid them five hundred and forty dollars to complete this amount, and thereupon the contract was extended from time to time until December first, eighteen hundred and ninety-two. The plaintiffs, prior to the last mentioned date, had sold all said lots, and delivered to the defendants the proceeds thereof, and, on December first, eighteen hundred and ninety-two, they had collected eight thousand one hundred and nine dollars and fifty cents, which included the interest on the balance due February twenty-sixth, eighteen hundred and ninety-one, and the payment of the five hundred and forty dollars made by the plaintiffs.

In the action of *Coulter* v. *Portland Trust Co.* judgment was rendered in favor of the defendant, which, upon appeal to this court, was, on April fourteenth, eighteen

hundred and ninety-one, reversed, and a new trial ordered: 20 Or. 4C9, 26 Pac. 565. A mandate was entered in the court below, and, while said action was there pending, a suit was brought in said county to stay the proceedings at law, and a decree rendered dismissing the bill, which on appeal to this court was, on October thirty-first, eighteen hundred and ninety-two, affirmed: *Portland Trust Co.* v. *Coulter*, 23 Or. 131, 31 Pac. 280. The defendants herein, subsequent to October thirty-first, eighteen hundred and ninety-two, made a settlement with Samuel Coulter, whereby they, in consideration of one dollar, conveyed to him sixteen lots that had been forfeited by the purchasers; and Coulter, in consideration of six thousand dollars, conveyed to them twenty-one lots that had not been forfeited. Thereafter, and prior to December first, eighteen hundred and ninety-two, in response to plaintiffs' request for a settlement, defendants offered to pay plaintiffs the sum of two hundred and forty dollars on account of clearing said land, and refused to make any other settlement, whereupon this suit was instituted on December twenty-ninth, eighteen hundred and ninety-two. On January fourth, eighteen hundred and ninety-three, in the action of *Coulter* v. *Portland Trust Co.* judgment was rendered in favor of the plaintiff, and for the possession of said tract, and the defendants, as a result thereof, were evicted therefrom, which fact is alleged in their answer to the complaint herein. The cause was referred to John B. Cleland, Esq., to take the testimony and report the facts and his conclusions of the law thereon, and he found that the plaintiffs were entitled to recover two hundred and forty dollars and costs, and this report, having been affirmed by the court, and a decree rendered in accordance therewith, the plaintiffs appeal.

MODIFIED.

XXV. OR.—6.

*Mr. Geo. A. Brodie ( Messrs. John M. Gearin, Julius Silve-stone,* and *Daniel R. Murphy* on the brief), for Appellants.

*Mr. Edward B. Watson ( Messrs. James F. Watson* and *Benjamin B. Beekman* on the brief), for Respondents.

Opinion by MR. JUSTICE MOORE.

The plaintiffs contend that they are entitled to recover from the defendants, in addition to the amount allowed them by court, the following:   For surveying and other expenses, one hundred and fifty-eight dollars and thirty-five cents; and for money advanced on the contract, five hundred and forty dollars.

It was necessary to make a survey and plat of the land, and advertise the property, before any sales could well be made, and as the plaintiffs agreed to do these things with full knowledge that the contract might be defeated, they can have no cause of suit because the contingency occurred and the title failed.   Their commission of ten dollars for each lot sold, and the possibility of obtaining the residue of the property and the assignment of the notes, after the purchase price was fully paid, was a sufficient consideration for their agreement.   The contract provided that when the defendants had received seven thousand four hundred and four dollars and forty-one cents in actual cash from the sale of the property, if realized during the existence of the contract, they would convey to the plaintiffs all the unsold lots, and assign to them all notes wholly or partly unpaid.   This gave to the plaintiffs an equitable interest in the land itself, as well as in the fund arising from its sale, subject, however, to be defeated by the condition that two thousand dollars in cash must be realized within six months from the date of the contract.   To prevent the breach of this condition, they advanced the five hundred and forty dollars to

make up the deficiency in the two-thousand-dollar payment. This was a voluntary payment upon their part, and made for their own benefit. They could have selected lots for themselves as a consideration for the payment, and had they purchased the entire tract, and paid the full consideration, the defendants would have been compelled too execute and deliver to them proper conveyances. If, upon the payment of the whole consideration, a conveyance could have been demanded, is it not equally true that upon the payment of a part of the consideration, they could have demanded a conveyance of a part of the property? By not selecting lots for themselves they elected to take the remainder of the property after the purchase price had been fully paid; and since the defendants had received in actual cash the full purchase price within the time agreed upon, the plaintiffs were at least entitled to select sufficient property to compensate them for the advances made, and as there was a total failure of the title after the full performance of the agreement, which precluded the plaintiffs from selecting or receiving any of the property they are entitled to the amount advanced by them and interest thereon from the date of payment. The decree, therefore, will be modified accordingly.        MODIFIED.

‡[ Argued October 19 ; decided December 11, 1893; rehearing denied.]